UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

ALDOFO TIERI,

                Plaintiff,

v.

BOARD OF TRUSTEES OF THE HEAVY AND
GENERAL LABORERS' LOCAL UNION 472 &
LOCAL UNION 172 OF NJ PENSION FUND, et al.,

                Defendants.

Civ. Action No. 06-2834 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. INTRODUCTION**

Plaintiff Aldofo Tieri ("Tieri") brings this suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, which allows an ERISA plan beneficiary to bring a civil action to redress violations of the Act. 29 U.S.C. § 1132; see also Anthuis v. Colt Industries Operating Corp., 971 F.2d 999 (3d Cir. 1992). Tieri claims that: (1) he is owed interest on the retroactive benefit payout; (2) the plan administrator is personally liable for failing to provide him with plan information; (3) he is entitled to more years of service credit; and (4) his benefits are underpaid because the plan never informed him that the husband and wife option was irrevocable.

Currently before the Court are cross-motions for summary judgment.

**II. BACKGROUND**

In 1991, Tieri began working as a road laborer for Shore Slurry Seal. (Final Pretrial Order, Stip. Facts ¶ 1.) He claims that he started off as a member of the Teamster's Union

1

but was transferred two months later by Robert Capoferri ("Capoferri"), the person who hired him, into Local 172 of the Laborer's Union. (Final Pretrial Order, Pl.'s Contested Facts ¶ 1.) Tieri asserts that he had to have been a member of Local 172 because all members of the road crew received the same Local 172 Laborer's Union membership card. (Pl.'s Contested Facts ¶ 1.) The term of Tieri's membership in Local 172 is disputed by the principal defendant here, the Board of Trustees of the Heavy and General Laborers' Local Union 472 and Local Union 172 of New Jersey Pension Fund ("the Fund"). The Fund contends that between 1992 and 1994, Tieri was not a member of Local 172; that he did not work for Shore Slurry Seal during that time; and that he is only entitled to 10.75 years of service credit. (Def.'s Opp'n Br. 24-25.) The Fund also asserts that from 1992 to 1994, Tieri's employer was contributing to a different plan on his behalf and that Tieri was paying "plant laborer" dues and not "road crew" dues. (Def.'s Opp'n Br. 25.)

Tieri continued to work as a welder and mechanic under the Collective Bargaining Agreement between the Heavy and General Laborers' Local Union 172 and his employer up until July 2003, when he left active employment with Shore Slurry Seal due to a work-related illness that resulted in his permanent disability. (Stip. Facts ¶ 7.) In July of 2005, Tieri's attorney sent a letter to the Fund requesting information about disability benefits. (Stip. Facts ¶ 9.) Pension Manager Larry Carpinello ("Carpinello") advised in a letter dated July 14, 2005 that Tieri was eligible for a disability pension benefit and that all that was required to commence payment was an "Award Letter" from the United States Social Security Administration ("SSA"). (Stip. Facts ¶ 10.)

Tieri filed his application for disability pension benefits in July 2005. (Stip. Facts ¶ 11.) In November of 2005, he received a "Notice of Decision - Fully Favorable" from the

SSA and submitted it to the Fund as proof that he was permanently disabled, along with a letter requesting that Carpinello advise him "of any additional information you need to process this claim." (Stip. Facts ¶ 13.) The Fund admits that it received the November 2005 correspondence, including the "Notice of Decision," and that it failed to respond. (Def.'s Summ. J. Br. 2.) According to the Fund, Carpinello never received a copy of the letter because he had relocated to a new office and the office where Tieri sent the correspondence was undergoing substantial renovations. (Carpinello Cert. ¶ 3.) In December of 2005, Tieri received an "Award Letter" from the SSA, which declared him permanently disabled retroactive to July 7, 2003. (Stip. Facts ¶ 15.)

Between November 30, 2005 and May 17, 2006, neither Tieri, nor his legal counsel, contacted, or was contacted by, the Fund regarding the status of his pension application. (Stip. Facts ¶¶ 16-17). On May 17, 2006, Tieri's attorney sent a letter to Carpinello requesting the status of Tieri's disability pension application. (Stip. Facts ¶ 18.) The letter, to which the Fund did not respond, also asked Carpinello to provide any information about "whether there are any administrative procedures which must be exhausted before filing suit on this claim in federal district court." (Stip. Facts ¶ 18.) On June 21, 2006, Tieri brought this action. (Stip. Facts ¶ 19-20.)

The Fund contends that once it been served with the complaint in this action, it informed Tieri's attorney in writing on July 18, 2006 that his application had not been denied, that the Fund would immediately process the application upon receiving the SSA Award Letter, and that the benefit would be retroactive to the date of application once granted. (Def.'s Summ. J. Br. 4.) Tieri's attorney forwarded the Award Letter to the Fund in early August of 2006. (Ex. K to Def.'s Mot. Summ. J.) In response, the Fund sent him a copy

3

of the Pension Fund's Questionnaire and a pension option selection form, both of which Tieri filled out and returned on August 15, 2006.  (Def.'s Summ. J. Br. 5; Exs. O and R to Def.'s Mot. Summ. J.)  The Fund subsequently paid Tieri $6,830.08 for pension benefits retroactive to August 1, 2005, and, in addition, as of September 1, 2006 began paying him a monthly pension benefit of $471.04, which he continues to receive.  (Stip. Facts ¶ 26.)

### III. SUMMARY JUDGMENT STANDARD

On a motion for summary judgment the Court "must examine the record to see whether the [the moving party], in depositions, answers to interrogatories, admissions, affidavits and the like, has demonstrated 'the absence of a genuine issue of material fact' and his entitlement to judgment as a matter of law."  Beard v. Banks, 126 S. Ct. 2572, 2578 (2006) (quoting Fed. R. Civ. P. 56).  The Supreme Court has stated, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

### IV. DISCUSSION

The Fund seeks summary judgment on all of Tieri's claims and a dismissal of his complaint.  Tieri moves for summary judgment on his claims for interest on the retroactive benefit payment and for additional years of service credit.

**1. Interest on Retroactive Benefit Payout**

The Fund asserts that it should be granted summary judgment on Count One of the Amended Complaint, because Tieri's benefit payment was delayed but never in fact denied.

4

(Def.'s Summ. J. Br. 14.)  It contends that the claim must fail because Tieri currently receives benefits and received a retroactive payment of the delayed funds.  Although Tieri advances arguments that the claim should be "deemed denied" because of the delay, his briefing, and the complaint itself, indicates that the core relief sought by Count One is the payment of any benefits he has not received that he is entitled to, which would include interest on the retroactive benefit payout or benefit miscalculations.  (Pl.'s Summ. J. Br. 4.)  And thus it does not matter whether the claim was actually or constructively denied — the issue is whether Tieri is entitled to interest on the benefit payout.

Tieri argues that he is owed interest on the retroactive benefit payout he received in September 2006 because the Fund failed to act on his application for over a year.  (Pl.'s Summ. J. Br. 4.)  Both parties move for summary judgment on this claim.  Tieri is moving under Section 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B), which in the Third Circuit allows a beneficiary of an ERISA plan to sue for "other appropriate equitable relief," including interest on delayed payments.  Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1010 (3d Cir. 1992).  But a beneficiary like Tieri is "entitled to interest on his delayed benefits only if those benefits were wrongfully withheld or wrongfully delayed, that is, only if they were withheld or delayed in violation of ERISA or an ERISA plan."  Fotta v. Trs. of the UMW Health & Ret. Fund of 1974, 319 F. 3d 612, 615-16 (3d Cir. 2003).  The record does not support the conclusion that the delay was wrongful.

"[A]n ERISA beneficiary who seeks interest on delayed payments must first prove that those payments were withheld in violation of his ERISA plan or of ERISA itself."  Id. at 616 (internal citations omitted).  While the Fund admits that it was negligent in the handling of Tieri's application, the delay did not violate ERISA or the provisions of the plan.

5

The Fund admits that it never responded to Tieri's November 2005 letter, which included a "Notice of Decision" from the SSA and requested that the Fund inform him of any additional information needed, but it did respond to his initial inquiry by providing him with an application, the Summary Plan Description ("SPD"), and its July 14, 2005 letter informing him that it would process the application after it received the SSA Award Letter. Tieri received the Award Letter several months later in December 2005 and did not send it to the Fund until August 2006. Between November 30, 2005 and May 17, 2006, neither party took any action, and the Fund failed to respond to Tieri's May 17, 2006 letter. These shared missteps were not violative of the plan provisions or ERISA, neither of which contains provisions setting time constraints on the processing of applications or responding to beneficiary inquiries. Most importantly, the plan also does not provide for interest on retroactive benefit payouts, and thus the denial of interest was not wrongful under Fotta. Because interest may only be granted where the delay violated ERISA or the provisions of an ERISA plan and the delay here did not violate ERISA or the plan, summary judgment is granted in favor of the Fund on the interest claim.

**2. Plan Information**

The Fund moves for summary judgment on Tieri's failure to provide plan information claim. Tieri brings this claim under section 502(c)(1) of ERISA, 29 U.S.C. § 1132(c)(1), which grants the Court the discretion to impose personal liability on a plan administrator who fails or refuses to comply with a beneficiary's request for plan information, unless such failure or refusal results from matters reasonably beyond the control of the administrator. Because Tieri bases this claim on the Fund's repeated failure

to respond to his letter inquiries, this claim necessarily rests on the same shaky factual ground as his interest claim.

The Fund contends that Pension Manager Larry Carpinello never received a copy of the letter because he had relocated to a new office and the office where Tieri sent the correspondence was undergoing substantial renovations. A court may impose liability under section 502(c)(1) only where the administrator *actually received* the request for information. Romero v. SmithKline Beecham, 309 F.3d 113, 119 (3d Cir. 2002). In Romero, the Third Circuit reversed the District Court's grant of summary judgment dismissing Romero's 502(c)(1) claim because two administrators had in fact received the requests for information. Here, Tieri has not produced any evidence that Carpinello did in fact receive the letter requests and chose to ignore his inquiries or that Carpinello himself created the circumstances that resulted in the failure to provide the requested information. His office was moved, the correspondence was lost during the renovation work, and he never received the correspondence or had reason to seek it out, all circumstances reasonably beyond his control. (Carpinello Cert. ¶ 3.)

Even if Carpinello had in fact received the letter requests, Tieri would need to show bad faith or intentional conduct on the part of the administrator. Romero, 309 F.3d at 120. The Romero court also relied on evidence of bad faith in reversing the lower court's ruling, in that the failure to provide the information stemmed from an alleged wrongful termination. Id. at 117. Tieri has posited no evidence of bad faith or intentional conduct on the part of Capinello, and thus he has not made a showing warranting this Court holding Carpinello personally liable for the series of events that spawned this case. The Court grants the Fund summary judgment on the failure to provide plan information claim.

### 3. Years of Service Credit

Tieri claims that the Fund underpaid and continues to underpay his disability pension benefits because it failed to credit him with all his years of service. (Pl.'s Br. Mot. Summ. J. 7.) Both parties move for summary judgment on this claim. The Fund argues that as a threshold matter the Court should bar this claim as procedurally and substantively deficient because Tieri did not assert it prior to raising it at this stage. (Def.'s Br. Mot. Summ. J. 21.) This argument may be disposed of quickly. Because he brings his claims under the broad language of ERISA § 502, Tieri pleaded his claims sufficiently to encompass the relief he seeks. Specifically, he bases his claims on ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132 (a)(1)(B), which permits him to bring an action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. The claim he articulates at summary judgment for underpayment based on the alleged miscalculation of his years of service simply fleshes out the benefits Tieri asserted he is owed in the amended complaint.

Tieri contends that he was part of Local 172 because he worked for Shore Slurry Seal as part of the road crew for those years and all members of the road crew belonged to Local 172. The Fund counters that Tieri was not a member of Local 172, that he did not work for Shore Slurry Seal during that time, and that he is only entitled to 10.75 years of service credit. It points to evidence that he accrued pension benefits with a different fund, the Laborers' International Union of North America National Pension Fund, during 1992-1994. (Ex. CC to Def.'s Mot. Summ. J.) His own assertions are the only evidence Tieri posits in support of his claim that he is entitled to more years of service credit. He has not offered testimony from co-workers that remember working with him, an original or copies of a

Local 172 identification card, or documentation showing that he paid dues to the Fund. To the contrary, all of the documentary evidence shows that Tieri paid dues to, and thus belonged to, the Laborers' International Union of North America National Pension Fund. "[I]n opposing a motion for summary judgment, general denials are insufficient, and the court is not required to credit bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Brown v. Latin Am. Music Co., 498 F.3d 18, 24 (1st Cir. 2007) (internal quotation marks and citations omitted). Tieri's claim has no support in the record, and thus the Court grants summary judgment in favor of the Fund on the years of service credit claim.

### 4. Husband and Wife Option

The Fund also moves for summary judgment on Tieri's claim against it for breach of the fiduciary duty to inform, brought under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which in the Third Circuit authorizes a private cause of action for breach of the fiduciary duty to inform. Jordan v. Federal Express Corp., 116 F.3d 1005, 1014 (3d Cir. 1997). "But a fiduciary has a legal duty to disclose to the beneficiary only those material facts known to the fiduciary but unknown to the beneficiary, which the beneficiary must know for its own protection." Id. at 1015 (internal citation and quotation marks omitted). A beneficiary also has "a duty to inform themselves of the details provided in their plans." Id. at 1016 (citing Genter v. Acme Scale & Supply Co., 776 F.2d 1180, 1185 (3d Cir. 1985).

Tieri asserts that the Fund is liable for failing to inform him that the husband and wife option was irrevocable. (Am. Compl. ¶ 29.) The husband and wife option reduces the plan participant's monthly payments during his lifetime and then pays 50% of the monthly payment amount to a surviving spouse after the participant's death. The Fund contends

that it fulfilled its duty to inform by providing him with the SPD, which states on page 20 that the form of payment cannot be changed once payments begin, in response to his initial inquiry in July of 2005.  (Def.'s Br. Summ. J. 34.)

Although Tieri agrees that "there is no question that the SPD was provided to [him] over a year before he was asked to make his election," he argues that the authority of the SPD, and thus whether he should have relied on it, was undermined by an express disclaimer that it is only a guide and is non-binding, whereas the Plan documents, which are controlling, were never provided.  (Pl.'s Opp'n Br. Summ. J. 7.)  This argument is unpersuasive — what matters is whether Tieri had notice of the irrevocability of the husband and wife option, not whether the SPD controlled.  In Jordan, the Third Circuit reasoned that the fund's duty to inform arose specifically because it had not provided the participant with either the plan documents *or* the summary plan description.  116 F.3d at 1016.  Tieri had a duty to inform himself of the information about the plan provisions contained in the SPD provided to him.  The Fund fulfilled its fiduciary duty to inform and the Court grants it summary judgment on the husband and wife option claim.

**V. CONCLUSION**

Based on the foregoing, Tieri's partial motion for summary judgment is denied and the Fund's motion for summary judgment is granted.  An appropriate order will be entered.


Dated:  June 30, 2008                                    /s/Katharine S. Hayden

                                                         Katharine S. Hayden, U.S.D.J.